95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jeffrey LANI, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3056.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1996.
 
 Before PLAGER, RADER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mr. Jeffrey Lani seeks review of a decision of the Merit Systems Protection Board ("Board"), Docket No. BN-315H-95-0274-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Mr. Lani was employed as a social worker with the Department of Veterans Affairs ("agency"). On May 19, 1995, during his probationary period, the agency notified Lani that he would be terminated from his position effective June 2, 1995. Lani appealed his termination to the Board. In an acknowledgment order dated June 26, 1995, the administrative judge informed Lani that the Board may not have jurisdiction over his appeal unless he makes a non-frivolous claim that his termination was based on partisan political reasons, or marital status, or that it was based on matters that occurred before his appointment and that the agency failed to follow the procedures stated in 5 C.F.R. § 315.805. Lani responded by asserting that the Board has jurisdiction under 5 C.F.R. § 315.806. He did not assert to the administrative judge that his termination was based on partisan political reasons, marital status, or pre-appointment reasons.
 
 
 3
 The Board dismissed Lani's appeal for lack of jurisdiction, finding that Lani had not alleged that his termination was based on partisan political reasons, marital status, or a pre-appointment reason. Lani has not met his burden of proving that the Board's decision to dismiss his appeal was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (1994).
 
 COSTS
 
 4
 Each party to bear its own costs.